UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

B.J.S., Individually and on behalf of
N.S., a child with a disability,

                              Plaintiff,           **DECISION**
    v.                                            **and**
                                                   **ORDER**
THE STATE EDUCATION DEPARTMENT/THE
UNIVERSITY OF THE STATE OF NEW YORK,          08-CV-513A(F)
PAUL F. KELLY, State Review Officer,
RICHARD P. MILLS, Commissioner of Education,
SPRINGVILLE-GRIFFITH INSTITUTE CENTRAL
SCHOOL DISTRICT BOARD OF EDUCATION,

                              Defendants.
_____


APPEARANCES:    B.J.S., *Pro Se*
                          Springville, New York    14141

                          ANDREW M. CUOMO
                          New York State Attorney General
                          Attorney for Defendants State Education Department,
                          Paul F. Kelly and Richard P. Mills
                          DARREN LONGO,
                          Assistant New York State Attorney General, of Counsel
                          350 Main Street, Suite 300A
                          Buffalo, New York   14202

                          HODGSON RUSS, LLP
                          Attorneys for Springville-Griffith Central School District
                          PAUL I. PERLMAN,
                          RYAN L. EVERHART, of Counsel
                          140 Pearl Street, Suite 100
                          Buffalo, New York   14202


**JURISDICTION**

        By order of June 17, 2009 (Doc. No. 22), Hon. Richard J. Arcara referred this

action to the undesigned for all pretrial matters. The matter is presently before the

court based on the order of Hon. Michael A. Telesca, filed November 21, 2008 (Doc.

No. 7) ("Order"), directing the parties address whether the court should appoint counsel to represent Plaintiff's child, N.S., in this action pursuant to 20 U.S.C. § 1415(i) of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et. seq.* ("the IDEA" or "the Act"), and Plaintiff's motion to seal the proceedings and records pertaining to N.S. to protect N.S.'s identity and status as a child with a disability (Doc. No. 3).

## BACKGROUND[1]

Plaintiff, B.J.S., commenced this action on July 10, 2008, *pro se*, on behalf of Plaintiff and N.S., Plaintiff's child, pursuant to the IDEA, 20 U.S.C. § 1415(i), seeking to annul a determination by Defendant State Review Officer Kelly sustaining the independent educational plan ("IEP") adopted for N.S. by Defendant School District for the 2006-2007 school year.[2] Upon determining that Plaintiff qualified to proceed *in forma pauperis* (Doc. No. 7), pursuant to 28 U.S.C. § 1915(a), the court *sua sponte* questioned whether Plaintiff was permitted to proceed *pro se* on Plaintiff's own behalf as well as on behalf of N.S., a minor. Order at 2. Based on its review of Second Circuit precedent, Judge Telesca concluded that Plaintiff could proceed *pro se* with respect to Plaintiff's claims but that as Plaintiff, a non-attorney, was prohibited, under applicable caselaw, from representing N.S., *pro se*, the court must consider appointment of counsel for N.S. in the absence of which the court would be required to dismiss N.S.'s

---

[1] Taken from the papers and pleadings filed in the action.

[2] Plaintiff has a related action pending addressed to N.S.'s IEP for the 2005-2006 school year, 07-CV-456A(F), which is not the subject of the order. However, as that matter has been recently transferred to District Judge Arcara and referred to the undersigned for all pretrial matters (Doc. No. 35), the court's ruling on Plaintiff's legal capacity to represent N.S. and Plaintiff's standing and request to seal will also apply to the related action.

claims. Order at 5 (citing authorities). The court also directed that the case remained sealed pending resolution of Plaintiff's motion to seal. Order at 6.

In accordance with the court's direction, Defendant School District filed, on April 27, 2009, a Memorandum of Law In Support of the Appointment of Separate Legal Counsel for the Plaintiff's Minor Child, N.S. (Doc. No. 15) ("School District's Memorandum") and the Affidavit of Ryan L. Everhart, Esq. together with Exhibits A and B (Doc. No. 15-2) ("Everhart Affidavit") ("Everhart Affidavit Exh(s). __").

Specifically, Defendant School District argues that the court should appoint an attorney to represent N.S. as Plaintiff has demonstrated a lack of competence and an excessive zeal in litigating against the School District regarding N.S.'s special education needs. School District Memorandum at 2; Everhart Affidavit ¶ ¶ 8, 11-14. The School District took no position with respect to Plaintiff's motion to seal, however, the School District did not oppose the motion noting that the IDEA and Family Education Rights and Privacy Act requires the confidentiality of the student's educational records be maintained. *Id.* ¶ 3.

On July 13, 2009, Declaration by Darren Longo, Assistant New York Attorney General ("Longo Declaration"), State Defendants informed the court State Defendants took no position on whether the court should assign counsel to represent N.S. Longo Declaration ¶ 4. As to Plaintiff's motion to seal, State Defendants stated they took no position with regard to the request, however, State Defendants requested that any such sealing should be limited to N.S's identity in any court order or decision and that the court's orders and decisions should otherwise be filed and available for public access. *Id.* ¶ ¶ 8-9.

On July 7, 2009, Plaintiff filed Plaintiff's Affidavit (Doc. No. 24) ("Plaintiff's Affidavit") in compliance with the Order requesting that the records and proceedings relating to this action remain sealed. Plaintiff's Affidavit ¶ ¶ 7-8.[3] Plaintiff related Plaintiff's educational background and employment experience in the special education field. *Id.* ¶ ¶ 11-17. Plaintiff also cited to various statements from the Supreme Court decision, *Winkelman v. Parma School District*, 550 U.S. 516 (2007), as resolving whether a parent may bring an action pursuant to 20 U.S.C. § 1415(i)(2)(A) to review a special education determination subject to the IDEA involving the parent's child. *Id.* ¶ ¶ 18-44. Plaintiff asserted Plaintiff is entitled under *Winkelman* to bring the instant action on Plaintiff's own behalf and as N.S.'s representative. *Id.* ¶ 45. Plaintiff also rebutted Defendant School District's contention that Plaintiff should not be permitted to represent N.S. because of the School District's disagreement with Plaintiff's past efforts to secure for N.S. a proper special education program from the School District. *Id*. at 9-13. Plaintiff further maintained that it is the School District, not Plaintiff, which has been unduly litigious in regard to N.S.'s right to special education services, *id.* ¶ ¶ 15-26, and that Plaintiff would accept the services of an assigned attorney to represent Plaintiff in prosecuting the instant action, and requested assignment of counsel. *Id.* at 30.

In *Winkelman,* the Supreme Court held that parents of a disabled child entitled to the protection and benefits available under the IDEA are aggrieved parties to an adverse decision by a state review officer and as parents of the child may sue under 20 U.S.C. § 1415(i) to enforce the right as provided by the IDEA "to a free appropriate

---

[3] The affidavit was refiled on September 4, 2009 (Doc. No. 35).

4

public education for their child." *Winkelman*, 550 U.S. at 532. As a result, courts have held that the parent's rights under the IDEA "are coterminous, or of equal extent with the child's rights" to an FAPE and, as such, parents may proceed *pro se* under the IDEA to challenge "the denial of FAPE to their child." *L.F. b/n/f Mary Ruffin v. Houston Independent Sch. Dist.,* 2009 WL 3073926, at *13 (S.D. Tex. Sep't. 21, 2009) (citing cases) ("*Ruffin*"); *cf. French v. New York State Department of Education,* 2008 WL 4426625, at *1 (N.D.N.Y Sep't. 24, 2008) (*pro se* parent may not sue on behalf of disabled child to challenge denial of FAPE and permitting plaintiff to, *inter alia*, file amended complaint asserting, pursuant to *Winkelman*, *pro se* "only his [plaintiff's] own claims" under IDEA) (bracketed material added).

In this case, the action is presently captioned as brought by Plaintiff "individually and on behalf of N.S., a child with a disability." A plain reading of the caption thus reveals that Plaintiff is suing to enforce Plaintiff's rights to an FAPE for N.S. under the IDEA on behalf of N.S. As prior to the filing of this action, Plaintiff's rights under the IDEA have been held by the Supreme Court in *Winkelman* to be coextensive with that of the child N.S., Plaintiff has standing to enforce *pro se* Plaintiff's own rights to an FAPE for N.S. based on N.S.'s status as a child with a disability under the IDEA. *Winkelman*, 550 U.S. at 532; *Ruffin*, 2009 WL 3073926, at *13; *cf. French*, 2008 WL 4426625, at *1. Further, although in this case the caption states Plaintiff is also suing "on behalf of N.S.," as the parent's and disabled child's rights accorded by the IDEA are coextensive under IDEA, the Plaintiff's reference to "on behalf" is correctly read to state Plaintiff is seeking to enforce Plaintiff's rights under the IDEA "on behalf" of N.S., not N.S.'s rights "on behalf" of N.S. A reading of the text of the Complaint confirms this

5

interpretation as nowhere in the Complaint does it allege that N.S. is an individual plaintiff in this action. "The Plaintiff [B.D.S.], * * *, resides at * * *, New York, 14141. The Plaintiff [B.D.S.], * * *, is the parent of a child with a disability, N.S. . . .." *Id.* As such, the reference in the caption to "on behalf of N.S." is properly considered to be surplusage.

Accordingly, as Plaintiff is plainly suing to enforce Plaintiff's individual right to an FAPE for N.S., as enunciated in *Winkelman*, N.S. is not a plaintiff in this action and Plaintiff is not required to obtain counsel to represent N.S. as a party plaintiff in this action.[4] Moreover, Plaintiff may proceed *pro se*. *See French*, 2008 WL 4426625, at *1. As Plaintiff may proceed with this action to enforce Plaintiff's independent rights to an FAPE for N.S. as discussed, *supra*, there is no reason for consideration of Defendant School District's contention that Plaintiff is unfit to represent N.S., and that the court appoint separate counsel to represent N.S. for this purpose.

Second, because N.S. is a minor, and N.S's status as a disabled child along with N.S's personal education and health records will be relevant to the court's consideration of the merits of the action, Plaintiff seeks, in Plaintiff's motion to seal, to have these proceedings sealed to protect N.S.'s identity and status as a child with a disability. Plaintiff's Affidavit ¶¶ 4-8. Plaintiff asserts that N.S.'s records are protected from disclosure under the both IDEA and the Family Education Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. *Id*. ¶ 4. As noted, State Defendants have not opposed this request, however, State Defendants request that any judicial orders or decisions

---

[4] The court notes that the Order did not reference *Winkelman*.

remain available to the public, subject to necessary redacting; the School District does not address Plaintiff's sealing request.

Generally, documents filed in support of or in opposition to a motion "are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). This "presumption of access . . . can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Id*. It is significant that the IDEA specifically provides that "[t]he Secretary [of Education] shall take appropriate action . . . to ensure the protection of the confidentiality of any personally identifiable data, information, and records collected or maintained by the Secretary and by State educational agencies and local educational agencies . . . ." 20 U.S.C. § 1417(c) ("§ 1417"). However, nothing in the IDEA directs courts to seal any portion of the record or avoid disclosure of the identities of the parties in an action pursuant to 20 U.S.C. § 1415(i). Nevertheless, courts have required the use of plaintiffs' initials in IDEA actions to protect the privacy interests of minor plaintiffs. *See P.M. individually and on behalf of J.M., a child with a disability v. Evans-Brant Cent. Sch. Dist.*, 2008 WL 4379490, at **3-4 (W.D.N.Y. Sep't. 22, 2008) (citing *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189-90 (2d Cir. 2008) (requiring courts consider ten factors in deciding whether to permit parties to use pseudonyms, *e.g.*, initials, instead of proper names)).

The court finds the factors as stated in *Sealed Plaintiff, supra*, as relevant to this case, include whether the case involves sensitive personal matters, the plaintiff's vulnerability to harm from disclosure, whether the action challenges governmental

action or private action, possible prejudice to defendant from anonymity, plaintiff's prior disclosure of plaintiff's identity, the strength of the public interest in disclosure of the litigant's identity, and alternatives to preserving plaintiff's confidentiality. Applying these factors to the facts of the case at bar, the court finds that although Plaintiff is suing to enforce Plaintiff's IDEA rights, Plaintiff's minor disabled child, N.S.'s, interest in anonymity exceeds the weak public interest in such identity in an IDEA action, that a disabled minor's interest in avoidance of public disclosure of the child's status as a disabled child is strong and supported by federal law, *e.g.*, IDEA and FERPA, that because of the prior relationship of the parties to the instant IDEA dispute, defendant is already aware of Plaintiff's and N.S.'s identity and thus will not suffer any palpable prejudice from the requested non-disclosure in this litigation,[5] and that while redaction is, to some extent, a potential alternative to complete non-disclosure, Fed.R.Civ.P. 5.2(a) now mandates the use of initials for a minor litigant or participant in federal civil litigation. Further, although Plaintiff has used Plaintiff's full name in this case thus far and the records have been sealed by reason of Clerk of Court action as continued by the Order, the court finds that disclosure of Plaintiff's identity by continuing to use Plaintiff's full name will effectively impair the minor's interest in confidentiality, as some public observers may deduce N.S.'s identity based on disclosure of Plaintiff's name. *See P.M. on behalf of J.M.*, 2008 WL 4379490, at *4. Therefore, the court finds (1) that the caption of this action should be amended to read: *B.J.S. on behalf of N.S., a child with a disability v. The State Education Department/The University of the State of New*

---

[5] As noted, the School District did not oppose Plaintiff's request.

*York, Paul F. Kelly, State Review Officer, Richard P. Mills, Commissioner of Education, Springville-Griffith Institute Central School District Board of Education*, (2) that any affidavits or pleadings previously filed that identify Plaintiff by Plaintiff's full name remain sealed unless the Clerk of Court is able to fully redact such identifying information to make these documents accessible under the court's CM/ECF system without such information being exposed to public access, (3) that any further papers, including exhibits and records containing N.S.'s medical, school, or other records or documents containing N.S.'s personal information that may be submitted to the court be filed under seal, and (4) that any legal memorandum, motion papers, exhibits or prior decisions referencing N.S.'s personal, medical or school records, including disciplinary records, also be filed under seal, unless the Clerk of Court can file such documents while redacting all personal information relating to N.S.

The court finds, however, the public's interest in access to judicial proceedings will be protected by filing of judicial decisions issued by the court not under seal, but subject to the court's reasonable redaction regarding Plaintiff's identity, and N.S.'s identity, disability, educational or medically related information.

Finally, pursuant to 28 U.S.C. §1915(e)(1), the court grants Plaintiff's request for assignment of counsel and assigns Mary E. Maloney, Esq., Maloney & Maloney, 256 Third Street, Suite 21, Niagara Falls, New York 14303, (716) 282-2356, Fax: (716) 282-0502, Email: marmaloney@aol.com, as Plaintiff's counsel in this matter. The Clerk of Court is requested to recaption this action as directed in this Decision and Order.

## CONCLUSION

Based on the foregoing, Plaintiff is permitted to proceed *pro se* with respect to Plaintiff's IDEA claims, Plaintiff's motion to seal (Doc. No. 3) is GRANTED in part, and Plaintiff's request for assignment of counsel is GRANTED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: February 9, 2010
       Buffalo, New York

PLAINTIFF IS ADVISED THAT ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH THE CLERK OF COURT **NOT LATER THAN 14 DAYS** AFTER SERVICE OF THIS DECISION AND ORDER IN ACCORDANCE WITH FED.R.CIV.P. 72(a).